# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CESAR MENDOZA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. TURF, LLC,<br><br>    Defendant. | Case No.: 2:24-cv-01363-JAD-NJK<br><br>**Order**<br><br>[Docket No. 26] |

Pending before the Court is the parties' stipulation to extend case management deadlines by 90 days. Docket No. 15.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1]

Here, the parties have failed to demonstrate diligence. The Court issued the scheduling order in this case on September 12, 2024. Docket No. 13. Nonetheless, the parties waited until the end of December to conduct any discovery at all, and have conducted little affirmative discovery. Docket No. 26 at 3.

Additionally, the instant stipulation fails to meet the requirements of the local rules. The parties do not provide a specific description of the discovery that remains to be completed, *see* Local Rule 26-3(b); instead, the parties submit that the discovery to be completed includes "depositions of the parties and fact witnesses…prepare expert reports, rebuttal reports, and take the depositions of those experts." Docket No. 26 at 3. This lacks the required specificity.

---

[1] That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

The Court will, nonetheless, allow a 30-day extension of the current deadlines.  <u>The Court is not inclined to extend deadlines further.</u>  Accordingly, the stipulation to extend is **GRANTED** in part and **DENIED** in part.  Docket No. 26.  Deadlines are **RESET** as follows:

- Initial expert disclosures: March 21, 2025
- Rebuttal expert disclosures: April 23, 2025
- Discovery cutoff:  May 21, 2025
- Dispositive motions:  June 20, 2025
- Joint proposed pretrial order:  July 21, 2025, 30 days after resolution of dispositive motions, or by further Court order

IT IS SO ORDERED.

Dated: February 7, 2025

_____
Nancy J. Koppe
United States Magistrate Judge