**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CESAR MENDOZA, *et al*.,

    Plaintiffs,

v.

U.S. TURF, LLC,

    Defendant.

Case No.: 2:24-cv-01363-JAD-NJK

**Order**

[Docket No. 30]

Pending before the Court is Plaintiff's motion to extend discovery. Docket No. 30. The Court does not require a response.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1.

A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[2] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

---

[1] Plaintiffs submit that "Defendant does not oppose the relief requested herein but disagrees with Plaintiffs['] statements regarding class and collective action discovery." Docket No. 30 at 3.

[2] Such a request is also governed by Local Rule 26-3.

1 *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation

2 omitted).[3]  Given the importance of scheduling orders and the well-established expectation that

3 they be taken seriously, "enforcement of such an order should come as a surprise to no one."

4 *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

5       The Rule 16 good cause analysis for obtaining relief from the scheduling order turns on

6 whether the subject deadlines cannot reasonably be met despite the exercise of diligence.  *Johnson*,

7 975 F.2d at 609.  "The diligence obligation is ongoing."  *Morgal v. Maricopa Cnty. Bd. of*

8 *Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).  The showing of diligence is measured by the

9 conduct displayed throughout the entire period of time already allowed.   *See Muniz v. United*

10 *Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*,

11 186 F.R.D. 605, 607 (E.D. Cal. 1999)).  "[C]arelessness is not compatible with a finding of

12 diligence and offers no reason for a grant of relief."  *Johnson*, 975 F.2d at 609.  When diligence

13 has not been shown in support of an extension request, "the inquiry should end."  *Id.*[4]

14       Good cause is lacking here.  The parties have consistently failed to demonstrate diligence.

15 *See* Docket Nos. 23 at 2, 27 at 1.  The Court has repeatedly cautioned the parties that they should

16 not expect additional extensions.  Docket No. 23 at 1 ("The parties must act diligently as the Court

17 is not inclined to extend deadlines further)"; Docket No. 27 at 2 (The Court is not inclined to

18 extend deadlines further" (emphasis in original)).  The instant motion does not acknowledge those

19 prior admonitions, nor does the conduct of the parties reflect the appropriate diligence in getting

20

---

21    [3] The Ninth Circuit has at times taken a softer approach to extensions of deadlines outside
the Rule 16 context, such as those related to briefing schedules.  *See Ahanchian v. Xenon Pics.,*
*Inc.*, 624 F.3d 1253, 1257-60 (9th Cir. 2010); *but see Ratha v. Phatthana Seafood Co.*, 35 F.4th

22 1159, 1181 (9th Cir. 2022) (distinguishing *Ahanchian* and affirming denial of request to extend
"stringent" briefing schedule).  Given the robust body of law specific to the Rule 16 context, the

23 Court does not apply the standards discussed in these other cases. *See, e.g.*, *Williams*, 627 F. Supp.
3d at 1177 n.3 (citing *Espinosa v. Corrections Corp. of Am.*, No. 2:19-cv-01617-RFB-NJK, 2021

24 WL 4186694, at *1 n.1 (D. Nev. Aug. 23, 2021)).

25    [4] A showing of diligence is required regardless of whether the request to modify case
management deadlines is presented by stipulation.  "That a request is made jointly neither

26 mandates allowance of the extension sought nor exempts parties from making the necessary
showings to justify that relief.  Failure to provide such showings may result in denial of a stipulated

27 request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178; *accord Lux*
*v. Buchanan*, No. 2:23-cv-00839-MMD-NJK, Docket No. 49 (D. Nev. Nov. 1, 2023) (Du, C.J.)

28 (affirming denial of stipulation to extend case management deadlines based on lack of diligence).

discovery wrapped up.  In fact, Plaintiffs submit that no discovery was completed in February or March, Docket No. 30 at 4, even though the Court granted an extension of discovery deadlines on February 7, 2025.  Docket No. 29.

In a final effort to allow this case to be resolved on its merits, the Court will provide one final extension.  This is a firm discovery cutoff and there will be no more extensions, so the parties fail at their own peril to get discovery completed by the cutoff set below.  *See, e.g.*, *Cornwell*, 439 F.3d at 1027.

Accordingly, the motion to extend is **GRANTED**.  Docket No. 30.

Deadlines are **RESET** as follows:

- Discovery cutoff:  September 29, 2025
- Dispositive motions:  October 17, 2025
- Joint proposed pretrial order:  November 17, 2025, 30 days after resolution of dispositive motions, or by further Court order

IT IS SO ORDERED.

Dated: May 19, 2025

_____
Nancy J. Koppe
United States Magistrate Judge