UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CESAR MENDOZA, *et al.*,<br>    Plaintiffs,<br>v.<br>U.S. TURF, LLC,<br>    Defendant. | Case No. 2:24-cv-01363-JAD-NJK<br>**Order**<br>[Docket No. 32] |

Pending before the Court is Plaintiffs' motion to compel. Docket No. 32. Defendant filed a response. Docket No. 33. Plaintiffs filed a reply. Docket No. 34. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E. D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v.*

*Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). The sheer volume of disputes presented can be a red flag that a sufficiently meaningful conferral effort did not occur. *Reno v. W. Cab Co.*, 2019 WL 8061214, at *2 (D. Nev. Sept. 23, 2019) (*citing King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010)).

Plaintiffs' motion seeks relief with respect to two interrogatories and 25 requests for production. Docket No. 32 at 4-6, 9-15. Although the motion is supported by a declaration attesting that meet and confers were conducted, the Court is not persuaded that a sufficiently meaningful effort was made to at least narrow and focus the issues in dispute, especially considering that the parties spoke on the telephone, Defendant's counsel thereafter sent correspondence, Plaintiffs deemed it irrelevant, and no further conferral efforts were made. *See* Docket No. 32-2 at 2-3.

Accordingly, Plaintiffs' motion to compel is **DENIED** without prejudice. Docket No. 32. The parties must reengage in conferral efforts that are in-person, by video, or by telephone, no later than August 15, 2025. This discussion must be fulsome and must be conducted in the spirit of cooperation that is required. The vast majority of discovery disputes should be resolved through

cooperative dialogue. In the unlikely event that compromise cannot be reached, any renewed motion practice on these discovery disputes must be brought no later than August 22, 2025.[1]

IT IS SO ORDERED.

Dated: August 7, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] To the extent those obligations are not taken seriously, and motion practice ensues, the rules provide for monetary consequences as a means to "deter the abuse implicit in carrying or forcing to carry a discovery dispute to the court when no genuine dispute exists." *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020) (quoting advisory committee notes). To the extent both sides are not living up to their obligations, the Court may fashion other appropriate relief. *Cf. Mazzeo v. Gibbons*, 2010 WL 3020021, at *2 (D. Nev. July 27, 2010) (imposing sanction of public admonishment).

3