**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CESAR MENDOZA, et al., | Case No. 2:24-cv-01363-JAD-NJK |
| Plaintiffs | **Order Adopting Report and Recommendation to Grant Motion to Enforce Settlement Agreement** |
| v. | |
| U.S. TURF, LLC, | |
| Defendant | [ECF Nos. 46, 51] |

**On 3/5/26, the magistrate judge entered this report and recommendation [ECF No. 51]:**

Pending before the Court is Defendant's motion to enforce settlement agreement. Docket No. 46. Plaintiffs filed a response in opposition. Docket No. 47. Defendant filed a reply. Docket No. 50. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.      BACKGROUND**

On September 11, 2025, Plaintiffs each signed an agreement authorizing their counsel to settle claims against Defendant, given that the settlement agreement satisfied certain terms. Docket No. 47 at 3. On September 25, 2025, Defendant's counsel had a phone conference with Plaintiffs' counsel in which he made a global settlement offer of $30,000 payable in six $5,000 installments, and to be divided among Plaintiffs, inclusive of all attorney fees and costs. *See* Docket No. 46 at 2 (Defendant's counsel's declaration). The following day, Plaintiffs' counsel informed Defendant's counsel that he was authorized to accept the offer to globally resolve the case. *See id.*; *see also* 46-1 at 2 (September 26, 2025, Plaintiffs' counsel email). On September 29, 2025, Plaintiffs filed a notice of settlement with Defendant's permission. Docket No. 43; *see also* Docket No. 46-2.

On October 1, 2025, Defendant's counsel emailed Plaintiffs' counsel that Defendant might be able to pay the $30,000 in a lump sum, rather than in installments. *See* Docket No. 46 at 3; *see also* Docket No. 46-3 (Defendant's counsel email). On October 10, 2025, Defendant's counsel

emailed Plaintiffs' counsel a draft of the settlement agreement. *See* Docket No. 46 at 3; *see also* Docket No. 46-4 (Defendants' counsel's email and draft settlement agreement). Defendant's counsel sent follow-up emails to Plaintiffs' counsel inquiring about whether the agreement was acceptable. *See* Docket No. 46 at 3; *see also* Docket No. 46-5. On December 23, 2025, Plaintiffs' counsel informed Defendant's counsel that four of the five Plaintiffs were rejecting the settlement and refusing to sign the settlement agreement. *See* Docket No. 47 at 3.[1] Counsel for the parties spoke later that day and Plaintiffs' counsel stated that he did not have authorization from Plaintiffs to accept the settlement offer. *See* Docket No. 47 at 3.

## II.    STANDARDS

Courts possess inherent authority to enforce settlement agreements in pending cases. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957-58 (9th Cir. 2021). The construction and enforcement of settlement agreements are governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013). Nevada law requires an offer and acceptance, meeting of the minds, and consideration to constitute an enforceable contract. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). "The starting point for the interpretation of any contract is its plain language." *Miller v. Weinmann*, 2023 WL 5428644, at *4 (D. Nev. Aug. 23, 2023).

## III.    ANALYSIS

Plaintiffs oppose the instant motion for three reasons. First, Plaintiffs contend that there was no meeting of the minds between Plaintiffs and Defendant. *See* Docket No. 47 at 4. Second, Plaintiffs contend that Defendant materially altered a key term of the proposed settlement agreement by changing the payment structure from installment payments to a lump sum. *See id.* at 4-5. Third, Plaintiffs contend that their counsel did not and does not have authority to bind Plaintiffs to the settlement agreement. *See id.* at 5.

---

[1] Defendant's motion and the attached exhibit of Plaintiffs' counsel's email indicate that five of the six Plaintiffs rejected the settlement agreement. *See* Docket No. 46 at 3; *see also* Docket No. 46-7 (Plaintiffs' counsel's email). However, the docket and Plaintiffs' response confirm that there are five total plaintiffs and four of them rejected the settlement agreement. *See* Docket; *see also* Docket No. 47 at 3.

## A.  Meeting of the Minds

Plaintiffs submit that there was no meeting of the minds because the parties engaged in preliminary negotiations and never reached a final agreement as to all material terms.  *See* Docket No. 47 at 4.  Further, Plaintiffs submit that the proposed $30,000 settlement amount was expressly contingent upon the execution of a written settlement agreement acceptable to Plaintiffs.  *See id.*

A contract can be formed when the parties have agreed to the material terms, even though the contract's exact language is not finalized until later.  *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).  Plaintiffs' counsel was authorized to settle Plaintiffs' claims against Defendant.  *See* docket No. 47 at 3.  Defendant, through counsel, offered a global settlement in the amount of $30,000, payable in six $5,000 installments and to be divided among Plaintiffs, inclusive of all attorney fees and costs.  *See* Docket Nos. 46 at 2, 47 at 3.  Plaintiffs, through counsel, accepted the offer.  *See* Docket No. 46-1 at 2 ("I am authorized to accept your client's $30,000 offer to globally resolve this matter.  We will file a Notice of Settlement to inform the court that the matter is resolved").  Plaintiffs' counsel's email states that "[Plaintiffs] are willing to accept a payment schedule of no more than six months of payments at $5000 per month with a strict payment deadline to be enforced by the Confession of Judgment."  *See id.*  Therefore, the plain language of the email makes clear that there was a meeting of the minds as to the terms of the settlement agreement.

Plaintiffs' contention that the proposed settlement amount was expressly contingent upon execution of a written agreement is unpersuasive because Plaintiffs' counsel's email merely requested "a draft settlement agreement reflecting the standard release terms."  *See id.*  This argument is especially unavailing given that Plaintiffs' counsel drafted and filed the notice of settlement on September 29, 2025.  Docket No. 43; *see also* Docket No. 46-2.  Additionally, after Defendant's counsel emailed the draft settlement agreement, Plaintiffs' counsel did not respond with a request for changes.  *See* Docket Nos. 46-4, 46-5.  These circumstances further confirm that there was a meeting of the minds.

….

….

3

### B. Proposal for a Lump Sum Payment

Plaintiffs submit that Defendant materially altered a key term of the proposed settlement agreement by changing the payment structure from installment payments to a lump sum. *See* Docket No. 47 at 4-5. Plaintiffs fail to cite any authority in support of this argument. Therefore, the argument fails. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion"). In any event, this argument is unpersuasive because Plaintiffs' counsel's acceptance email indicated that that Plaintiffs were willing to accept a payment schedule of "no more than six months of payments at $5,000 per month with a strict payment deadline." Docket No. 46-1 at 2. Therefore, Defendant's offer to make a lump-sum payment of $30,000, "so as to avoid a payment plan," did not materially alter a key term of the agreement.[2] Docket No. 46-3 at 2.

### C. Plaintiffs' Counsel's Authority

Plaintiffs submit that their counsel lacked authority to bind them to the settlement agreement as drafted because four of the five Plaintiffs refused to accept the terms of the agreement. Docket No. 47 at 5. However, "the law does not allow someone to rescind a contract simply because he no longer likes the terms to which he agreed." *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1043 (D. Nev. 2021) (quoting *Aki v. Univ. of California Lawrence Berkeley Nat'l Lab'y*, 2015 WL 1778481, at *5 (N.D. Cal. Apr. 17, 2015)). Plaintiffs' counsel had authority to bind Plaintiffs to a settlement agreement and did so. *See* Docket No. 47 at 3.

## IV. CONCLUSION

For the reasons discussed above, the undersigned recommends that the motion to enforce the settlement agreement be **GRANTED**. Docket No. 46.

---

[2] This argument is also mooted by Defendant's willingness to satisfy the settlement agreement through installment payments. *See* Docket No. 50 at 3.

## Order Adopting Report & Recommendation

The deadline for any party to object to this recommendation has passed, and no party filed anything or asked to extend the deadline to do so.  "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Having reviewed the report and recommendation, I find good cause to adopt it, and I do.  IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No.  51] is ADOPTED** in its entirety, and Defendant's Motion to Enforce Settlement Agreement **[ECF No. 46] is GRANTED.  The settlement agreement resolving this case is enforceable and the plaintiffs are bound to its terms.  The plaintiffs are ORDERED to perform all obligations required by the settlement agreement,** including executing or filing any necessary documents, **no later than April 20, 2026**.  Although the defendant also asks for leave to file a motion for attorneys fees, that request is denied as unnecessary because the defendant does not need leave of court to file such a motion, which must comply with the rules of this court including Local Rule 54-14.

_____

U.S. District Judge Jennifer A. Dorsey
Dated: March 20, 2026